IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

FILED
OCT 10 2006
EDWARD J. KLECKER
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                               )<br>           Plaintiff,          )<br>                               )<br>-vs-                           )<br>                               )<br>RONALD L. RIVERA,              )<br>                               )<br>           Defendant.          ) | Criminal No. 3:05-cr-138<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Brett M. Shasky, Assistant United States Attorney, defendant, RONALD L. RIVERA, and defendant's attorney, Christopher J. Lancaster, agree to the following:

1. Defendant acknowledges the Indictment charges violations of Title 18, United States Code, Sections 2422(b), 2423(b), 2251(a), and 2251(e).

2. Defendant has read the charges and defendant's attorney has fully explained the charges to defendant.

3. Defendant fully understands the nature and elements of the charged crimes.

4. Defendant will voluntarily plead guilty to Count Three of the Indictment.

5. The parties agree this Plea Agreement shall be filed as part of the Court record, and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the

non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea

6. Defendant will plead guilty because defendant is in fact guilty of the charge. In pleading guilty to this Count, defendant acknowledges that:

On or about February 5, 2005, in the District of North Dakota and elsewhere, RONALD L. RIVERA used, persuaded, induced, enticed, or coerced a minor, namely: N.W., whose date of birth is November 13, 1991, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate and foreign commerce, and which visual depiction has actually been transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

7. Defendant understands Count Three carries the following maximum penalties:

| | |
|---|---|
| Imprisonment: | 30 years (mandatory minimum 15 years) |
| Fine: | $250,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty defendant surrenders rights, including:

(a) The right to a speedy public jury trial and related rights as follow:

(i) A jury would be composed of 12 lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and cross-examine them. In turn, the

3

defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv) At trial, defendant has a privilege against self-incrimination; thus, defendant could decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. Defendant understands that by pleading guilty defendant gives up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained these rights, and consequences of defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, <u>Guidelines Manual</u>, (Nov. 2004) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant

4

to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. Defendant agrees to fully cooperate with the United States, its agencies, and other law enforcement agencies in any investigation related to or resulting from these charges. Defendant's cooperation includes truthful testimony, if called, before any Federal grand jury, the United States District Court, or in any other proceeding.

12. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

13. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

14. The parties agree that the base offense level for this offense under the Sentencing Guidelines for defendant's conduct is 32. (USSG § 2G2.1(a) - Production of materials involving sexual exploitation of minors)

The parties agree that the following upward adjustments are applicable:

+2 levels for offense involving a minor over 12 years of age, but not yet 16 years of age. (USSG § 2G2.1(b)(1)(B))

+2 levels for offense involving commission of a sexual act or sexual conduct. (USSG § 2G2.1(b)(2)(A))

The parties further reserve the right to argue the applicability of an upward adjustment of 2 levels for use of a computer to solicit participation with a minor in sexually explicit conduct pursuant to USSG § 2G2.1(b)(6)(B)(ii).

15.  The parties agree that the following downward adjustments are applicable in this case: None.

16.  At sentencing, the United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG 3E1.1(a)) The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b))

17.  Neither the Court nor the Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the guidelines range. The Court may impose a reasonable sentence anywhere within the statutory range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure. Both parties reserve the right

to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure").
There may be other adjustments the parties have not agreed upon.

18. At sentencing, the United States will

(a) recommend a sentence within the applicable Guideline range, or the minimum mandatory, whichever is greater;

and,

(b) recommend that defendant be ordered to pay restitution in an amount to be determined at sentencing.

19. Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from

prosecuting defendant for perjury, false statement, or false declaration if defendant commits such acts in connection with this agreement or otherwise.

20.     Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

21.     Defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce defendant to plead guilty.

22.     Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a). Defendant hereby waives this and any right to appeal the Court's entry of judgment against defendant, reserving only the right to appeal from an upward departure from the applicable Guideline range, and the applicability of USSG § 2G2.1(b)(6)(B)(ii), as indicated in paragraph 14 above. See USSG § 1B1.1, comment. (n.1) (defines "departure"). Defendant further waives all rights to contest defendant's

conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except a claim of ineffective assistance of counsel. Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in <u>United States v. His Law</u>, 85 F.3d 379 (8th Cir. 1996). Therefore, defendant understands that any appeal or other post-conviction relief that defendant might seek should be summarily dismissed by the Court in which it is filed.

23.    The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24.    Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

                              DREW H. WRIGLEY
                              United States Attorney

Dated: 9/13/06    By: _____
                              BRETT M. SHASKY
                              Assistant United States Attorney

Dated: 8/25/06    _____
                              RONALD L. RIVERA
                              Defendant

Dated: 8-25-06   _____
                              CHRISTOPHER J. LANCASTER
                              Attorney for Defendant