# United States District Court
## District of North Dakota

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: **3:05-CR-138** |
| Ronald L. Rivera | USM Number: 09349-059 |
| | Christopher J. Lancaster, Fargo ND |
| | Defendant's Attorney |

**THE DEFENDANT:**

pleaded guilty to count: 3 of the Indictment .

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2251(a) & 2251(e) | Production of Materials | 02-05-05 | 3 |

The defendant is sentenced as provided in pages 1 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1 and 2 of the Indictment are dismissed on the motion of the United States.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for count 3 of the Indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick, U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota  58102.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

August 13, 2007
Date of Imposition of Judgment

*Ralph R. Erickson* (signature)
Signature of Judicial Officer

RALPH R. ERICKSON, United States District Judge
Name & Title of Judicial Officer

August 15, 2007
Date

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: 3:05-CR-138 | Judgment - Page 2 of 5 |
| DEFENDANT: Ronald L. Rivera | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 188 Months . Credit to be given for time served after Defendant was taken into custody on related state charge on February 12, 2006.

The court makes the following recommendations to the Bureau of Prisons:

1. That the defendant immediately receive the psychological and psychiatric treatment he needs, prior to receiving his sexual offender treatment. He should be allowed to obtain this treatment at a medical center or such other facility that is appropriate for the provision of this mental health care.

2. That the defendant serve his time in a facility that is appropriate for his treatment, but that is most closely located to his family in New York.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:        3:05-CR-138                                              Judgment - Page 3 of 5
DEFENDANT:          Ronald L. Rivera

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

The defendant shall be required to register as a sex offender and subjected to the possibility of community notification laws.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:05-CR-138 | Judgment - Page 4 of 5 |
| DEFENDANT: | Ronald L. Rivera | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a psychological/psychiatric counseling and/or sex offender treatment program, which may include inpatient treatment as approved by the probation officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluation(s) and physiological testing, such as polygraph, and Abel testing, and shall take all prescribed medication.

2. The defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report an/or any previous sex offender or mental health evaluations to the treatment provider. **Note:** This waiver allows the probation officer to share information with the treatment provider (including but not limited to the presentence report), and to review the defendant's course of treatment and progress with the treatment provider. Further, this communication is necessary for the purpose of treatment and assessment, and addressing third party risk.

3. The defendant shall not possess any materials, including pictures, photographs, books, writing, drawings, videos, or video games depicting and/or video games depicting and/or describing "sexually explicit conduct" as defined at 18 USC 2256(2) and 2256(8) (Child Pornography Statute).

4. The defendant shall not frequent or loiter within 100 feet from schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

5. The defendant shall not associate or have verbal, written telephonic or electronic communication with any person under the age of 18 except: 1) in the presence of the parent or legal guardian of said minor; and 2) on the condition that the defendant notifies said parent or legal guardian of his conviction in the instant offense. This provision does not encompass persons under the age 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.

6. The defendant shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and Internet service providers as approved by the probation officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants, Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access the Internet, electronic bulletin boards, other computers, or similar media.

7. All computers, computer-related devices and their peripheral equipment used by the defendant, shall be submit to search and seizure for the purpose of search. Monitoring software may be used to enable such searches. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer relate devices, or their peripheral equipment, nor shall defendant hide or encrypt files or data without prior approval of the probation officer. Further, the defendant shall provide all billing records, including telephone, cable, Internet, satellite, and the like, as requested by the probation officer.

8. The defendant shall submit his person, residence, workplace, vehicle, property and/or possessions to a search conducted by a United States Probation Officer, or other law enforcement officer, at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of supervision. Failure to submit to a search may be grounds for revocation. The officer shall notify any occupants that the premises may be subject to searches pursuant to this condition. A probation officer may invoke a search with or without the assistance of other law enforcement officers.

AO 245B (Rev. 8/96)   Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:05-CR-138 | Judgment - Page 5 of 5 |
| DEFENDANT: | Ronald L. Rivera | |

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
           Defendant                                                                                  Date

_____    _____
U.S. Probation Officer/Designated Witness                               Date