UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
(SOUTHEASTERN DIVISION)

Criminal Case No. 3:05-CR-138
Civil Case No:_____

RONALD L. RIVERA,

      Defendant-Movant,

v.

UNITED STATES OF AMERICA,

      Respondent

**RIVERA'S MOTION TO VACATE, SET ASIDE, AND TO CORRECT, MODIFY, RESENTENCE OR SET FOR NEW TRIAL PURSUANT TO TITLE 28 UNITED STATES CODE 2255 Et. Seq.**

Comes Now the Defendant, RONALD L. RIVERA, Pro Se litigant, and moves this Court for a grant to vacate or set aside his conviction, and to correct, modify or set for new trial pursuant to Title 28 United States Code 2255 and states in support thereof the following:

Rivera was found guilty after a plea of guilty subsequently sentenced on August 15, 2007, to a total term of 188 months incarceration with a supervised release term of 5 years. The conviction stemmed from a violation of sex offense

statutes specified and charged violations of Title 18, United States Code, Sections 2422(b), 2423(b), 2251(a), and 2251(e).

Rivera waived appeal and is currently incarcerated (BOP# 09349-059) pursuant to the order of this court remanding custody to the Bureau of Prisons and is located in Federal Correctional Institute in Allenwood FCI in Pennsylvania Rivera's current release date is set for October 6, 2019.

## JURISDICTIONAL STATEMENT

Rivera's motion for habeas relief seeks a finding that the judgment was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a judgement, or that the sentence was in excess of the maximum authorized by law or sentencing guidelines, or that his sentence is otherwise subject to collateral attack. Title 28 U.S.C. 2255; et. seq.

Rivera claims that a review of his sentencing reveals fundamental defects which have resulted in a complete miscarriage of justice. David v. United States, 134 F.3d 470 (1st Circuit 1998)(quoting Hill v. United States, 368 U.S. 424 (1962). Rivera claims that a review of his sentencing reveals fundamental defects which have resulted in a complete miscarriage of justice. David v. United States, 134 F.3d 470 (1st Circuit 1998)(quoting Hill v. United States, 368 U.S. 424 (1962).

As recently recognized by the United States Supreme Court, the sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the [Sentencing] Commission or the appeals court. See Gall v. United States, 128 S.Ct. 586, 597-598 (Dec. 10, 2007), and Kimbrough v. United States, 128 S.Ct. 558, 574 (Dec. 10, 2007) (quoting Rita v. United States, 127 S.Ct. 2456, 2469 (June 21, 2007)).

This court now has the authority to reject the guidelines and impose a reasonable and just sentence. Moore v United States, 555 U.S. ___ (2008) confirming United States v Booker, 543 U.S. 220 (2005) and Kimbrough v United States, 552 U.S. ___ (2007).

## THE AEDPA

Rivera has filed this Section 2255 motion on a timely basis in light of Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, 1220 which creates a "1-year period of limitation" in which to file a § 2255 motion. The one-year period begins at the latest of several specified dates: (1) "the date on which the judgment of conviction becomes final" on direct appeal; (2) "the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; and (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

## THE STRICTLAND STANDARD

The Defendant alleges that he was deprived of his Sixth Amendment Right to effective assistance of counsel. The Sixth Amendment of the United States Constitution provides that in all criminal prosecutions . . . the accused shall . . . have the assistance of Counsel for his defense. The United States Supreme Court has interpreted the right to counsel to mean the right to effective counsel. In order to demonstrate ineffective assistance of counsel a defendant must prove both that his counsel performed deficiently and that the performance actually prejudiced the defendant. Strickland v. Washington, 466 U.S. 668 (1984).

The two prongs of the ineffectiveness inquiry are independent of one another, and thus, must both be proved to establish a claim of ineffective assistance of counsel. Id. at 697. In order to satisfy the "performance" prong of the Strickland test a defendant must show that his counsel's representation fell below an objective standard of reasonableness. Id. at 687-688.

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the United States Supreme Court explained that "the 'prejudice' component of the Strickland test . . . focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceedings fundamentally unfair."

In this petition, the Defendant believes that he has satisfied the two prongs as noted above.

## BACKGROUND OF CASE AND THE AUGUST 25 2006 PLEA AGREEMENT

The Defendant acknowledged the Indictment charged violations of Title 18, United States Code, Sections 2422(b), 2423(b), 2251(a), and 2251(e) and the plea agreement alleged that the Defendant's plea was voluntary and fully explained by counsel.

The Defendant pled guilty on August 25, 2007 and acknowledged that:

On or about February 5, 2005, in the District of North Dakota and elsewhere, RONALD L. RIVERA used, persuaded, induced, enticed, or coerced a minor, namely: N.W., whose date of birth is November 13, 1991, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate and foreign commerce, and which visual depiction has actually been transported in interstate and foreign commerce; In violation of Title 18, United States Code, Sections 2251 (a) and 2251(e).

However, subsequent to the plea agreement, on October 16th 2007, the

Court ordered a psychiatric evaluation concerning the mental condition of the Defendant. Based on the evaluation and the mental state of the Defendant, defense counsel should have moved for treatment instead of incarceration, knowing that the Defendant, in fact did not understand the charges or the consequences of his plea.

## GROUND IA

## THE DEFENDANT WAS NOT PROVIDED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE PLEADED GUILTY PRIOR TO THE COURT ORDERED PSYCHIATRIC EVALUATION WHICH WOULD HAVE SHOWN THE DEFENDANT NOT CAPABLE TO PLEAD GUILTY

Subsequent to the August 25th 2007 plea agreement, the Court on October 16th 2007, ordered a psychiatric evaluation concerning the mental condition of the Defendant. In other words, the Defendant pled guilty 3 months before his mendal state could be ascertained that his plea was knowing and voluntary.

Based on the evaluation and the mental state of the Defendant, defense counsel should have moved for treatment instead of incarceration, knowing that the Defendant, in fact did not understand the charges or the consequences of his plea. The Defendant claims that he was unable at the time of the offense to appreciate the nature and/or quality of the wrongfulness of his acts. Title 18 U.S.C. 17.

Further, defense counsel did not investigate the mental background of the Defendant to the extent that he could have provided mitigating circumstances as to

the mental state of the Defendant and that community treatment as an alternative to incarceration should have been proposed. See <u>Rompilla v Beard</u>, 545 US 374 (2005) (failure to present mitigating circumstances).

Defense counsel was ineffective for failing to investigate. <u>Rompilla v Beard</u>, 545 US 374 (2005). An attorney has the duty to interview and examine as many as possible of the persons who are supposed to know the facts so as to be able to ascertain the truth concerning the charge in controversy and to prepare a defense thereto, in this case the mental state of the Defendant. An attorney's failure to interview and call such witnesses and to conduct an adequate pretrial investigation by seeking out potential witnesses can constitute ineffective assistance of counsel. In this case, defense counsel provided limited pretrial investigation efforts and essentially provided no defense for the defendant.

## GROUND I B

## DEFENSE COUNSEL DID NOT OBJECT TO THE SENTENCE BEING BASED ON THE SENTENCING GUIDELINES INSTEAD OF THE FACTORS OF SECTION 3553 OF WHICH THE GUIDELINES ARE ONLY ADVISORY

Defense counsel apparently was unaware that the United States Sentencing Guidelines were not only advisory in nature but that the court could reject the guidelines and sentence the Defendant to either a lower sentence of 180 months as a statutory minimum, or find that the Defendant qualified for mental treatment instead of incarceration. This court now and had, <u>ab initio</u>, the authority to reject

the guidelines and impose a reasonable and just sentence. <u>Moore v United States</u>, 555 U.S. ___ (2008) confirming <u>United States v Booker</u>, 543 U.S. 220 (2005) and <u>Kimbrough v United States</u>, 552 U. S. ___ (2007).

## THE IMPACT OF BOOKER AND KIMBROUGH TO RESENTENCING

<u>United States v. Booker's</u> requirement that the district courts treat the United States Sentencing Guidelines as advisory applies to the resentencing of defendants pursuant to Section 2255 and 18 U.S.C. § 3582(c). See <u>United States v. Booker</u>, 543 U.S. 220, 245-46 (2005). Therefore the Defendant proffers that a Section 2255 falls within the scope of <u>Booker</u> and this court's jurisdiction.

### Applicability of *Booker* to § 2255

Section 2255 provides statutory ability for this court to grant relief on constitutional grounds. The clear language of Booker makes the range advisory and Booker explicitly stated that, "as by now should be clear, [a] mandatory system is no longer an open choice."<u>Booker</u>, 543 U.S. at 263; see also id. at 264 (noting that district courts are "not bound to apply the Guidelines").

Booker expressly rejected the idea that the Guidelines might be advisory in certain contexts but not in others, and Congress has done nothing to undermine this conclusion. Because a "mandatory system is no longer an open choice," <u>id.</u> at 263, district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2). <u>Moore v United States</u>, 555 U.S. ___ (2008) confirming <u>United States v Booker</u>, 543 U.S. 220 (2005) and <u>Kimbrough v United States</u>, 552 U. S. ___ (2007).

# RETROACTIVITY OF BOOKER V UNITED STATES, KIMBROUGH V UNITED STATES AND MOOORE V UNITED STATES

In <u>Tyler v. Cain</u>, 533 U.S. 656 (2001), the United States Supreme Court held that a new rule of criminal procedure may be made retroactive through a series of that Court's cases:

> Justice Breyer observed that the United States Supreme Court can make a rule retroactive over the course relevant caselaw. With the right combination of holdings, the Court could do this . ... Multiple cases can render a new rule retroactive only if the holdings in those cases necessarily dictate retroactivity of the new rule.
>
> <u>Tyler</u>, 533 U.S. at 666.

In her concurrence, Justice O'Connor explained that the Court "'ma[k]es' a new rule retroactive through multiple holdings that logically dictate the retroactivity of the new rule." <u>Tyler</u>, 533 U.S. at 668-69 (O'Connor, J., concurring). Logic compels the retroactive application of <u>Moore</u>, given the Supreme Court's recognitions in Booker and Kimbrough, that the Moore decision implicates fundamental fairness.

In the plurality decision in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), the Supreme Court announced that new procedural rules of constitutional law would generally not be applied retroactively to cases on collateral review. That decision has since been adopted by a majority of the Court. See, e.g., <u>Penry v. Lynaugh</u>, 492 U.S. 302 (1989). <u>Teague</u> and its progeny recognize two exceptions to the general principle that new rules of constitutional procedure not apply retroactively.

The first exception, not implicated here, is for "rules that place an entire category of primary conduct beyond the reach of the criminal law." Sawyer v. Smith, 497 U.S. 227 (1990) (citing Teague, 489 U.S. at 311).

The second exception requires that a new rule be applied retroactively for "those procedures that are implicit in the concept of ordered liberty." Teague, 489 U.S. at 311 (internal citations omitted). As the Court explained, such rules vindicate two discreet concerns: the fundamental fairness of the underlying proceeding; and the accuracy of that underlying criminal proceeding. Saffle v. Parks, 494 U.S. 484, 495 (1990).

Defendant Riveras proffers that the series of cases, Moore v United States, 555 U.S. ___ (2008) confirming United States v Booker, 543 U.S. 220 (2005) and Kimbrough v United States, 552 U. S. ___ (2007), should be applied retroactively to this motion for habeas relief.

## PROCEDURAL CONCLUSION

Because the Court's sentencing procedure did not comply with neither the Fifth, Sixth or Eighth Amendments, the Defendant's conviction and any enhancements and/or departures which increased the punishment is invalid.

## SECTION 3582 AS AN ALTERNATIVE JURISDICTION FOR RESENTENCING FOR EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

Section 3582(c)(2) creates an exception in case of a defendant who has been sentenced to a term of imprisonment and for extraordingary and compelling

reasons the court may resentence the defendant and may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. See Section 18 U.S.C. § 3582(c)(2). This allows the district court to recalculate the defendant's sentencing range and then determine an appropriate and reasonable sentence in accordance with Section 3553(a) factors notwithstanding the sentencing guidelines. See <u>Moore v United States</u>, 555 U.S. ___ (2008); <u>Kimbrough v United States</u> 552 U.S. ___ (2007).

## EVIDENTIARY HEARING

In order to be entitled to an evidentiary hearing, the habeas Movant need only allege reasonably specific non-conclusory facts that if true, would entitled him to relief. Rivera claims that the above allegations are not contradicted by the record and the claim is not frivolous. <u>Aron v. United States</u>, 291 F.3d 708 (11th Circuit 2002). On this basis, Rivera moves for an evidentiary hearing pursuant to 28 United States Code 2255, Rule 8; if this court deems such to be equitable and just. In addition, Rivera moves for appointment of new counsel pursuant to 18 U.S.C. 3006A(g).

## TRANSCRIPTS

Rivera moves this court for a grant of transcripts and documents at no charge to be provided by the Clerk of Court and/or the respondent pursuant to 28

U.S.C. 2250.

## FINAL CONCLUSION AND REQUEST FOR RELIEF

Rivera is moving for a finding that the judgement was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such judgement, or that the sentence was in excess of the maximum authorized by law or sentencing guidelines, or is otherwise subject to collateral attack.

Defendant Rivera asserts that he is entitled to prevail on a claim of being ineligible for the sentence he received, and that he has shown constitutional error invalidating all of the aggravating circumstances upon which the sentence was based. In light of the above, Rivera believes that he has demonstrated a valid basis of the deprivation of constitutionally protected Fifth Amendment Due Process, the excess punishment in relation to a valid within the context of the Sixth Amendment, and a sentence in excess of the authorized maximum in violation of the Eighth Amendment of the United States Constitution.

Wherefore Ronald Rivera, as a Pro Se litigant, moves this court for a grant of vacatur or set aside of his conviction, and for this court to effectuate correction, modification, or setting of retrial, and any other relief which this court may deem equitable and just.

Submitted;

*Ronald L Rivera*

Ronald Rivera
09349-059
FCI Allenwood Med Box 2000
White Deer PA 17887
Pro Se Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the original and two copies of the foregoing Motion for 28 U.S.C. 2255 Habeas Corpus Relief were sent, with U.S. First Class postage, to the Clerk of Court for the United States District Court for the District of North Dakota, 655 1st Ave. North, Suite 130, Fargo ND 58102 this _12_ day of November, 2008. I Affirm that the foregoing is true and correct under the laws of perjury.

Submitted,

*Ronald L. Rivera*

Ronald Rivera