IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Ronald L. Rivera, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civ. No.: 3:08-cv-116** |
| -vs- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **Crim. No.: 3:05-cr-138** |
| | ) | |
| -vs- | ) | |
| | ) | |
| Ronald L. Rivera, | ) | **ORDER DENYING MOTION UNDER** |
| | ) | **28 U.S.C. § 2255 TO VACATE, SET ASIDE,** |
| Defendant. | ) | **OR CORRECT SENTENCE BY A PERSON** |
| _____ | ) | **IN FEDERAL CUSTODY** |

**SUMMARY OF HOLDING**

On November 20, 2008 Ronald L. Rivera (hereafter "Rivera") filed a Motion to Vacate, Set Aside, or Correct an Allegedly Illegal Sentence by a Person in Federal Custody. Because the motion is time-barred under 28 U.S.C. 2255(f)(1) the Motion is DENIED.

**STATEMENT OF THE CASE**

On November 4, 2005 an indictment was filed in this Court charging Rivera with three counts: (1) Luring a Minor via the Internet, in violation of 18 U.S.C. § 2422(b); (2) Travel with Intent to Engage in Illicit Sexual Contact in violation of 18 U.S.C. § 2423(b); and, (3) Production of Materials Involving Sexual Exploitation of a Minor in violation of 18 U.S.C. §§ 2251(a) and

1

2251 ( c).

On October 10, 2006 Rivera entered a plea of guilty to the charge of Production of Materials Involving Sexual Exploitation of a Minor.  At the time of the entry of the plea the Court examined the defendant and found that he was competent to proceed.  The defendant was also examined regarding his understanding of the written plea agreement.  The Court found that Rivera understood the plea agreement (which contained an express waiver of any claim for relief under 28 U.S.C. § 2255 except for ineffective assistance of counsel) and that he fully understood the consequences of entry of a plea of guilty.  Whereupon Rivera entered a plea of Guilty to Count Three.  The Court found that the plea was freely and voluntarily made and that an adequate factual basis existed for the entry of the plea.  The Court accepted the plea.  At the conclusion of the change of plea hearing the Court indicated that a psychological examination should be performed on Rivera for purposes of fashioning an appropriate sentence, particularly the terms of supervision. (Doc. 21).

On October 16, 2006 the Court entered a written order that directed that the defendant:

> Be committed to the custody of the Attorney General for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4244.  The psychiatric examination of the defendant shall gather information for the following purpose: to permit the Court to receive additional medical, psychological and psychiatric findings and recommendations concerning the defendant's present mental functioning pursuant to 18 U.S.C. § 4244. . . [the examiner was then directed to file a report addressing] . . . (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological and medical tests that were employed and their results; (3) the examiner's findings; (4) the examiner's diagnosis and prognosis and (A) whether the defendant is suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility; and, (B) any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence.

(Doc. 24).  The Court further stated "The Court will rely heavily on the examiner's recommendations when setting the conditions of the defendant's supervised release.  Id.

The Court eventually received a written psychological report from Robert Binford II, M.A. (a forensic psychology intern), Lisa Hope, Psy.D., and Ralph Ihle, Ph.D. both of whom are forensic psychologists. (Doc. 26). The report concluded, among other things that Rivera's "level of functioning does not preclude him from being sentenced." Id. at 21.

Following receipt of the report, Assistant Federal Public Defender Christopher Lancaster asked for a continuance for an independent examination of Rivera. Based on this request, Rivera was examined by Dr. Akgul and Dr. Ascano. Drs. Ascano and Akgul reported that the defendant suffered from post-traumatic stress disorder, mood disorder, intermittent explosive disorder, and paranoid personality disorder–but they did not assert that Rivera was not competent to either enter a plea or to stand for sentencing.

A sentencing hearing was held on August 13, 2007. At the hearing the Court accepted the Pre-sentence Investigative Report and the reports of Binford, Hope, Ihle, Ascano and Akgul. (Doc. 33). Dr. Ascano appeared personally and testified on behalf of Rivera.

Counsel for Rivera argued (1) that his criminal history was overstated; (2) that a downward departure was justified on the basis of diminished capacity pursuant to § 5K2.13; (3) that Rivera should "be transferred to a facility that could provide him with intense psychiatric intervention. . ."; and (4) that Rivera should be granted a variance pursuant to the sentencing considerations of 18 U.S.C. § 3553(a). (Docs. 32 and 33).

The Court sentenced the Defendant to serve a term of imprisonment of 188 months to be followed by 5 years of supervised release. (Doc. 36). The Court also recommended to the United States Bureau of Prisons that the "defendant immediately receive the psychological and psychiatric treatment he needs, prior to receiving his sex offender treatment. He should be allowed to obtain this treatment at a medical center or such other facility that is appropriate for the provision of this

mental health care." Id.  Judgment was entered on August 17, 2007. (Doc. 36).

On November 17, 2008, Rivera placed in the prison mail his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 37-3).  In his Motion, Rivera asserts: (1) that he was deprived of his Sixth Amendment Right to effective assistance of counsel because his lawyer, Mr. Lancaster, failed to move "for treatment instead of incarceration, knowing that the Defendant, in fact, did not understand the charges or the consequences of his plea." (Doc. 37-2 p. 6); (2) that Mr. Lancaster was ineffective in failing to fully develop the defendant's mental state and to assert treatment as an alternative to incarceration; (Id.); (3) that Lancaster was ineffective for failing to object to a guideline sentence[1]; (4) and finally, that there has been a sea-change in the law and that the Court should retroactively apply the rationale of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Gall v. United States, 552 U.S. ____, 128 S.Ct. 586 (2007) and Kimbrough v. United States, 552 U.S. ____, 128 S.Ct. 558 (2007).

### III.  DISCUSSION

A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final."  Id. at 2255 ¶ 6(1).  By definition, a judgment becomes final when it can no longer be appealed.  See, Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999)(when defendant does not pursue a direct appeal, conviction becomes final when time for filing a direct appeal expires).  In this case Rivera's right to appeal expired 10 days after the time

---

[1] Rivera's first three arguments are frankly, incomprehensible when compared to the record.  Mr. Lancaster did in fact vigorously assert that treatment should be considered as an alternative to incarceration, that the defendant's criminal history was overstated, and that the alleged diminished capacity was a grounds for both a guideline based departure and a variance under 18 U.S.C. § 3553(a).  The fact that the Court rejected these arguments does not detract from the fact that they were vigorously contested in a factual hearing at the time of sentencing.  Effective assistance of counsel is not predicated on a theory that counsel must prevail on the arguments advanced–particularly in the face of compelling contrary evidence.

4

that a judgement had been entered by the Court.  Thus, Rivera's claims accrued not later than August 27, 2007.

As his Motion to Vacate, Set Aside or Correct an Illegal Sentence was not filed until November 17, 2008 (applying the prison mailbox rule), the motion is untimely unless the time for filing has been equitably tolled.  Rivera specifically asserts that in this case the statute of limitations was tolled by his mental incapacity and specifically seeks an evidentiary hearing in this regard.

Equitable tolling can apply to the one-year statute of limitations period for a motion to vacate a judgment under 28 U.S.C. § 2855.  United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005).  A claim for equitable tolling arising out of a claim of mental infirmity faces a high hurdle: in order for the doctrine to apply the advocate must establish both that the person suffered from a mental illness and that the "mental illness actually prevented the plaintiff from complying with the deadline."  Jessie v. Potter, 516 F.3d 709, 714 (8th Cir. 2008); Dautremont v. Broadlawns Hospital, 827 F.2d 291, 296 (8th Cir. 1987)(in action under 42 U.S.C. § 1983 no tolling where the plaintiff was "cognizant of his rights" even though he was a patient in a mental hospital with a diagnosis of schizophrenia).  In short, under Eighth Circuit law Rivera must demonstrate that he was "deprived of his reasoning faculties" or that he was "incapable of understanding or acting with discretion in the ordinary affairs of his life."  See, Martin, 516 F.3d at 715 (discussing Missouri law and comparing it to Federal law on equitable tolling).  The burden is equally stringent in cases brought under Title 28 § 2255.  Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001)(equitable tolling provides an otherwise time-barred petitioner an exceedingly narrow window of relief; equitable tolling is proper only when extraordinary circumstances beyond the petitioner's control make it impossible to file petition on time).  United States v. McIntosh, 332 F. 3d 550, 551 (8th Cir. 2003).

As a general principle unsupported allegations of mental illness do not warrant an evidentiary hearing as to equitable tolling.  Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008).  It is equally true that where the record is undeveloped it may be appropriate for the Court to hold an evidentiary hearing on the question of whether or not the statute of limitations should be tolled on the grounds of mental infirmity.  Id.  In the case at bar the record is not undeveloped–it is clear from the record before the Court that Rivera had a diagnosed mental illness.  It is equally as clear that all of the persons who examined him prior sentencing felt that he was mentally competent to proceed.  No one, not even Rivera's psychiatric and psychological experts ever asserted that Rivera was incompetent, that he did not understand the nature of his acts, or that he was incapacitated by his mental health condition.  Indeed, there was a striking uniformity of opinion that Ramirez was legally competent–the issue was whether or not it was fair to sentence him as though he was fully responsible for his actions because of his mental illness.

Rivera has presented no evidence that his condition has deteriorated while in custody–indeed his *pro se* petition belies such a claim.  It is lucid and organized.  The absence of any evidence of a such a severe mental impairment as to deprive him of the ability to "understand and manage his affairs" and "from complying with the deadline" is fatal in this case.  See, Lyons v. Potter, 521 F.3d at 983.

Rivera also asserts that his claim should be retroactively reviewed in light of Booker, Gall, and Kimbrough.  The Court of Appeals for the Eighth Circuit has repeatedly indicated that this argument is completely without merit.  Ausler v. United States, 545 F.3d 1101, 1105 (8th Cir. 2008); United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008); Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005).

On the record before the Court the Defendant Ronald L. Rivera has failed to perfect his 28

U.S.C. § 2255 claim within the applicable one-year statute of limitations.

**IT IS HEREBY ORDERED** that the Defendant's Motion to Vacate, Set Aside or Correct Sentence by Person in Federal Custody is in all things **DENIED.**

### IV.  DECISION

For the foregoing reasons the Rivera's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and his action is **DISMISSED** with prejudice.

The Court certifies that an appeal the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Furthermore, the Court finds that Rivera has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration.  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Therefore, the Court will not issue a certificate of appealability.

Dated this 18th day of December, 2008.

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
U.S. District Court